IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

DWAYNE TOMLIN                                                                                    PLAINTIFF

v.                                                                                               No. 4:12CV72-D-A

CHRISTOPHER EPPS, ET AL.                                                                         DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Dwayne Tomlin, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. Tomlin alleges that the defendants have failed to provide him with constitutionally adequate medical care. For the reasons set forth below, the instant case be dismissed for failure to state a claim upon which relief could be granted.

### Factual Allegations

Dwayne Tomlin was injured in a car accident in 1997. He suffered a broken back and other injuries and, though he underwent surgery after the accident, he lost the use of his legs and developed problems with his renal system. He has become incontinent and suffers from pain in his back and groin, and these problems are getting worse. He informed Mississippi Department of Corrections officials of his injuries and other medical problems as he went through medical screening upon entry into the penal system. The defendants, after examining and treating Tomlin, decided to discontinue some of his treatments. This change in treatment occurred at about the same time that Tomlin's condition began to decline. Tomlin asked for approval for different treatment in letters, in person, and through sick call requests, but he has not received

such approval. Though he has been treated for his conditions during his incarceration, he disagrees with the course of treatment. In particular, he believes that the defendants should conduct various diagnostic tests to determine more effective treatment, reissue a back brace and orthopedic shoes, and provide medication for his kidney trouble. He believes his examinations have been cursory, at best. He is afraid that failure to conduct more extensive testing – and provide more effective treatment – will lead to complete renal failure, treatment with dialysis, and eventually organ replacement.

### Denial of Medical Treatment

In order to prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may knowledge of substantial risk of serious harm be inferred by a court from the obviousness of the substantial risk. *Id.* Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct.

662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986). In cases such as the one at bar, arising from delayed medical attention rather than a clear denial of medical attention, a plaintiff must demonstrate that he suffered substantial harm resulting from the delay in order to state a claim for a civil rights violation. *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993); *Campbell v. McMillin*, 83 F. Supp. 2d 761 (S.D. Miss. 2000). A prisoner's mere disagreement with medical treatment provided by prison officials does not state a claim against the prison for violation of the Eighth Amendment by deliberate indifference to his serious medical needs. *Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir.2001), *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

In the present case, Tomlin concedes that he has been examined and treated for his medical conditions. Though he believes that the examinations have been cursory and the treatment inadequate, his belief amounts only to his disagreement with the course of treatment he has been provided. As discussed above, that is not enough to state a claim of denial of medical treatment, and this case will be dismissed for failure to state a constitutional claim. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED**, this the 6th day of December, 2012.

/s/ Glen H. Davidson
SENIOR JUDGE